IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01704-BNB

LAWRENCE W. LOGAN,

   Plaintiff,

v.

MR. BUNCH, Correctional Officer,
MR. POTTER, Correctional Officer,
MR. SPROUL, Unit Manager, and
MR. WILEY, Warden,

   Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2009

GREGORY C. LANGHAM
                    CLERK

## ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

Plaintiff Lawrence W. Logan is a prisoner in the custody of the United States Bureau of Prisons, who currently is incarcerated at ADMAX in Florence, Colorado. He has filed a *pro se* Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 requesting injunctive relief.

On August 10, 2009, Mr. Logan filed a pleading titled, "Motion to Use Compulsory Process." The Court will construe this Motion liberally because Mr. Logan is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Motion will be construed as a Motion for injunctive relief and will be denied.

In the Motion, Mr. Logan requests that the Court compel Warden Wiley and his subordinates to supply him with materials and services, including mail pick-up, so that

he may pursue the instant action. Mr. Logan asserts that under the First and Sixth Amendments, and prison policy, he has a right to access the courts.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

Mr. Logan fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. The Court has received Mr. Logan's filings in what appears to be a timely fashion, and he is not being denied access to the Court in this action. Therefore, the liberally construed Motion for injunctive relief will be denied. Accordingly, it is

ORDERED that the August 10, 2009, Motion to Use Compulsory Process (Doc. # 7) is construed as a Motion for injunctive relief and is DENIED.

DATED at Denver, Colorado, this 22 day of Sept., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01704-BNB

Lawrence W. Logan
Prisoner No. 15586-045
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on __9/23/09__

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk