IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01704-REB-BNB

LAWRENCE W. LOGAN,

Plaintiff,

v.

MR. BUNCH, Correctional Officer,
MR. POTTER, Correctional Officer,
MR. SPROUL, Unit Manager, and
MR. WILEY, Warden.

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the defendants' **Motion for Summary Judgment and Memorandum Brief in Support Thereof** [Doc. # 57, filed 03/10/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that

there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 447 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

The plaintiff filed his verified Prisoner Complaint [Doc. #3] (the "Complaint") on July 10, 2009, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The plaintiff is currently incarcerated by the Bureau of Prisons ("BOP") at the United States Penitentiary, Administrative Maximum. *Complaint*, p. 2.

The Complaint asserts four claims. Claim One alleges that defendant Bunch ejaculated in the plaintiff's food in violation of the Eighth Amendment. Claim Two alleges that defendant

2

Sproul has told other officers and inmates that the plaintiff is a child molester and is denying him services and privileges in violation of his equal protection rights. Claim Three alleges that defendant Wiley has failed to take any action against the other defendants. Claim Four alleges that defendant Potter placed a "bloody bugger and nose hair" in the plaintiff's food in violation of his Eighth Amendment rights.

The defendants state that the plaintiff failed to exhaust his administrative remedies as to all of his claims. Because the plaintiff's claims challenge prison conditions, they are governed by the Prison Litigation Reform Act (the "PLRA"). 42 U.S.C. § 1997e(a). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law,[1] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, monetary damages, or both. Booth v. Churner, 532 U.S. 731 (2001). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at 741 n.6.

The administrative remedies available to an inmate seeking review of issues which relate to any aspect of confinement are found in Title 28 of the Code of Federal Regulations, entitled

---

[1] The PLRA's exhaustion requirement also applies to Bivens claims. See Yousef v. Reno, 254 F.3d 1214, 1216 (10th Cir. 2001).

Administrative Remedy Program. The Administrative Remedy Program generally requires that an inmate first attempt to reach an informal resolution of his complaint. 28 C.F.R. § 542.13. If that effort is unsuccessful, an inmate then may seek formal review by the Warden of an issue which relates to any aspect of his confinement. Id. at §§ 542.10, 542.14. In particular:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15.

To exhaust administrative remedies, a federal prisoner must complete all three formal steps by filing an administrative remedy request with institution staff, followed by regional and national appeals. 28 C.F.R. §§ 542.14 - 542.15.

Grievances must be submitted within specific time frames. 28 C.F.R. §§ 542.14(a), 542.15(a). Ordinarily, a grievance must be submitted within 20 days of the date on which the basis of the grievance occurred. 28 C.F.R. § 542.14(a). An appeal to the regional level must be submitted within 20 days of the date the response to the institutional level grievance is signed. 28 C.F.R. § 542.15(a). In addition, "[a]n inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2).

"The Coordinator at any level . . . may reject and return to the inmate without response a Request or an Appeal that is written by an inmate in a manner that is obscene or abusive, or does

4

not meet any other requirement"specified in the regulations. 28 C.F.R. § 542.17(a). "When a submission is rejected, the inmate shall be provided a written notice . . . explaining the reason for rejection. If the defect on which the rejection is based is correctable, the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal." 28 C.F.R. § 542.17(b). "When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection . . . to the next appeal level. The Coordinator at that level may affirm the rejection, may direct that the submission be accepted at the lower level . . . or may accept the submission for filing." 28 C.F.R. § 542.17(c).

The following material facts are undisputed:

1. The plaintiff filed a grievance regarding the allegations of Claim One at the institutional level only. *Motion*, Ex. A-1, ¶ 16.

2. On December 18, 2008, the plaintiff filed at the institutional level a grievance regarding the allegations of Claim Two. The institution responded to the grievance on January 28, 2009. The plaintiff filed his appeal with the regional office on April 7, 2009. Because the appeal was filed more than 20 days from the date of the institution's response, it was rejected as untimely. The plaintiff appealed the regional office's rejection to the national level. The National Inmate Appeals Administrator agreed that the plaintiff's appeal to the regional level was untimely and instructed him to correct the deficiency and resubmit the grievance to the regional office. To correct the deficiency, the plaintiff would have to show a valid reason for the delay. The plaintiff did not resubmit the grievance. Id. at ¶ 17.

3. The plaintiff did not file a separate grievance regarding Claim Three's allegations against defendant Wiley. Id. at ¶ 18.

4. The plaintiff filed a grievance regarding the allegations of Claim Four at the institutional level only. Id. at ¶ 19.

Although the plaintiff argued in his response to the contrary,[2] the undisputed evidence establishes that the plaintiff did not exhaust his administrative remedies for any of his claims. To the contrary, the plaintiff does not provide any evidentiary support to show that he exhausted his administrative remedies or that he is entitled to tolling.[3]

I respectfully RECOMMEND that the Motion be GRANTED and that judgment enter in favor of the defendants on all of the plaintiff's claims.

---

[2]In his response to the defendants' Motion, the plaintiff states:

> I had received a response from the National Inmate Appeals Administrator for a grievance in relation to the issues stated in the complaint. That grievance was denied or otherwise rejected. This grievance dealt with <u>all</u> the affore mentioned issues and I saw no need to pursue each individual issue seperately.
>
> My 'untimely' appeal to the Region was due to my unit team failing to give me the response from the institutional level in a timely manner.

*Plaintiff's Response to Defendants' Motion for Summary Judgment* [Doc. #63] (the "Response"), p. 1.

[3]The exhaustion requirement is not a jurisdictional prerequisite; it is subject to equitable tolling. Basham v. Uphoff, No. 98-8013, 1998 WL 847689, at *3 (10th Cir. Dec. 8, 1998). Colorado's equitable tolling rules apply. See Garrett v. Fleming, 362 F.3d 692, 697 (10th Cir.2004). Under Colorado law, equitable tolling is appropriate where 1) the defendant's wrongful conduct prevented compliance with the filing deadlines; or 2) the plaintiff did not timely file his grievances because of extraordinary circumstances. See Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1096-1097 (Colo.1996).

6

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 24, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge